1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ARTHUR J. BREWER, | Case No. 2:20-cv-00991-KJD-EJY |
| Petitioner, | |
| v. | **ORDER** |
| WARDEN CALVIN JOHNSON, *et al*., | |
| Respondents. | |

This habeas matter is before the Court on Petitioner Arthur J. Brewer's Application to Proceed *In Forma Pauperis* ("IFP") (ECF No. 6), Motion for Appointment of Counsel (ECF No. 1-2), and an initial review under the Rules Governing Section 2254 Cases.[1]  For the reasons discussed below, the Court grants Brewer IFP status, denies the motion for appointed counsel, and directs a response to his petition.

## BACKGROUND

Brewer challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court").  *State of Nevada v. Brewer*, Case No. C-16-318178-1.[2]  Following a three-day trial, a jury found Brewer guilty of stop required on signal of a police officer, grand larceny auto, and theft.  On June 13, 2017, the state court entered a judgment of conviction sentencing him on all three counts.  Brewer filed a direct appeal.  The Nevada Court of Appeals affirmed in part, vacated in part, and remanded the matter to the state court to enter an amended judgment reflecting that the third count—theft—was dismissed and Brewer should not have been sentenced for that count.  An amended judgment was entered October 10, 2018.

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts.  The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

On October 19, 2018, Brewer filed a state petition for writ of habeas corpus ("state petition") seeking post-conviction relief. The state petition was denied, and Brewer appealed. The Nevada Court of Appeals affirmed the denial of relief, and a remittitur issued on May 5, 2020. Brewer initiated this federal habeas proceeding *pro se* on June 2, 2020. (ECF No. 1.)

## DISCUSSION

Brewer's new IFP application includes the required financial certificate signed by an authorized prison official or a copy of his inmate trust account statement. His IFP application is therefore granted.

Turning to the motion for appointment of counsel, there is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). However, an indigent petitioner seeking relief under 28 U.S.C. § 2254 may request the appointment of counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2). The court has discretion to appoint counsel when the interests of justice so require. *Id.* The interests of justice so require "when the complexities of the case are such that denial of counsel would amount to a denial of due process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). In the absence of such circumstances, a request for counsel in a § 2254 proceeding is addressed to the sound discretion of the district court. *Id.* (citing *Dillon v. United States*, 307 F.2d 445, 447 (9th Cir. 1962)). When a habeas petitioner has a good understanding of the issues and the ability to present forcefully and coherently his contentions, no attorney is legally required. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

Here, Brewer has not established that the interests of justice require the appointment of counsel. The petition appears to clearly present the issues that he wishes to raise, and the legal issues do not appear to be complex. No additional facts are attached to the form motion. Brewer has made no showing as to why denial of counsel would amount to a denial of due process. Therefore, counsel is not justified and the motion is denied.

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss

petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects.  *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Brewer's petition asserts one claim of ineffective assistance of counsel.  The orders issued by the Nevada Court of Appeals addressed multiple claims.  A federal petition for writ of habeas corpus should include *all* claims for relief of which a petitioner is aware.  If Brewer fails to include such a claim in his petition, he may be forever barred from later seeking federal habeas relief on that claim.  *See* 28 U.S.C. § 2244 (successive petitions).  If Brewer is aware of any claim not included in his petition and he decides he wants to pursue relief on such claim, he should notify the Court of that as soon as possible by filing a motion to amend his petition to add the claim.

**IT IS THEREFORE ORDERED:**

1.  Petitioner Arthur J. Brewer's Application to Proceed *In Forma Pauperis* ("IFP") (ECF No. 6) is GRANTED.

2.  Brewer's Motion for Appointment of Counsel (ECF No. 1-2) is DENIED.

3.  The Clerk of Court is directed to file the petition (ECF No. 1-1).

4.  The Clerk of Court is instructed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and electronically serve the Nevada Attorney General with a copy of the petition and this order.

5.  Respondents have **60 days** from the date the petition is electronically served to appear in this action and answer or otherwise respond to the petition.

6.  If Respondents file an answer to the petition, Brewer may file a reply within **60 days** from the date the answer is filed and served.  If Respondents file a motion to dismiss instead of an answer, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice.

7.  Any procedural defenses Respondents raise in this case must be raised together in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the

merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.   If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer, and specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).   In short, no procedural defenses, including exhaustion, will be included with the merits in an answer.   All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

8. In any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

9. Respondents must file the state court exhibits relevant to their response to the petition, in chronological order.

10. All state court records and exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10).   Each exhibit must then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth).   If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page.   *See* LR IC 2-2(a)(3)(A).

11. Notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits *need not* be provided to chambers or to the staff attorney, unless later directed by the court.

DATED this 3rd day of August 2020.

KENT J. DAWSON
UNITED STATES DISTRICT JUDGE