# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ARTHUR J. BREWER,

                Petitioner,

v.

WARDEN CALVIN JOHNSON, *et al.*,

                Respondents.

Case No. 2:20-cv-00991-KJD-EJY

**ORDER**

       This habeas matter is before the Court on Petitioner Arthur J. Brewer's Motions for Reconsideration (ECF Nos. 8–9[1]) ("Motions") of the order denying his motion for appointment of counsel. Respondents have opposed the Motions (ECF No. 16), and Brewer has replied (ECF No. 17). Also before the Court is Respondents' Motion for Enlargement of Time (ECF No. 18) regarding their deadline to respond to Brewer's Petition for Writ of Habeas Corpus (ECF No. 19). For the reasons discussed below, Brewer's Motions are granted, the Federal Public Defender's Office is provisionally appointed as counsel, and Respondents' response deadline is vacated.

       Brewer's petition challenges a conviction and sentence, pursuant to a jury verdict, imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Brewer*, C-16-318178-1.[2] In June 2017, the state court entered a judgment of conviction against Brewer for three counts (stop required on signal of a police officer, grand larceny auto, and theft),[3] adjudicated him a habitual criminal under the large habitual criminal statute, and imposed three concurrent life sentences with the possibility of parole after 10 years, consecutive to his sentence

---

[1] These appear to be duplicate motions.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

[3] The Nevada Court of Appeals determined that Brewer should not have been sentenced for the theft count, vacated in part the judgment as to that count, and remanded with instructions to dismiss the theft count. (ECF No. 7 at 1.) An amended judgment was entered October 10, 2018. (*Id.*)

in a different case, C223499.

Brewer initiated this habeas action in June 2020. (ECF No. 1.) In August 2020, the Court entered a screening order directing electronica service of his petition to Respondents and setting a 60-day deadline for them to answer or otherwise respond. (ECF No. 7.) In addition, the Court denied Brewer's motion for appointed counsel, finding that Brewer made no showing why denial of counsel would amount to a denial of due process since no facts were attached to the form motion, the petition sufficiently presented a single claim for ineffective assistance of counsel, and the legal issues did not appear complex. However, the Court noted that the "orders issued by the Nevada Court of Appeals addressed multiple claims," and thus informed Brewer, if he "is aware of any claim not included in his petition and he decides he wants to pursue relief on such claim, he should notify the Court of that as soon as possible by filing a motion to amend his petition to add the claim." (*Id*. at 3.)

Brewer's current motions argue that a denial of counsel would amount to a denial of due process because his education is less than the ninth grade, he received special education for learning disabilities, and his reading and comprehension is severely low. He further indicates that he does not have access to the law library to receive inmate assistance due to the COVID-19 pandemic. Respondents assert that Brewer fails to meet the standard for reconsideration or demonstrate that appointed counsel is warranted. Although inmates are not currently permitted to visit the law library due to COVID-19 concerns, Respondents contend that Brewer may submit an inmate request to receive access to anything in his unit that he could previously access by being physically present in the law library, including assistance from inmate law clerks.

As Brewer recognizes in his Motions, there is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing counsel "when the interests of justice so require"). *Id.* § 3006A(a)(2). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so

uneducated that he is incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Upon further review of Brewer's underlying conviction and sentence, as well as the critical details provided in the new motions, the Court finds that a denial of counsel would amount to a denial of due process considering Brewer's limited education and learning disabilities, demonstrated inability to articulate all claims available to him based on the Nevada appellate courts' orders, and his lengthy prison sentence. Based on these significant factors, inmate requests for legal materials or inmate assistance is unlikely to prevent the denial of due process. The Court thus grants the motions and provisionally appoints the Federal Public Defender's Office as counsel. Accordingly, Respondents' motion is granted to the extent their response deadline is vacated and a briefing schedule will be entered after counsel appears for Brewer.

**IT IS THEREFORE ORDERED:**

1. Petitioner Arthur J. Brewer's Motions for Reconsideration (ECF Nos. 8–9) and Respondents' Motion for Enlargement of Time (ECF No. 18) are GRANTED.

2. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Brewer or to indicate the office's inability to represent Brewer in these proceedings. If the Federal Public Defender is unable to represent Brewer, the Court will appoint alternate counsel. The counsel appointed will represent the petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.

3. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Brewer at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the

petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

4. The Clerk of Court will send a copy of this order to the *pro se* petitioner, the Federal Public Defender, and the CJA Coordinator for this division.

5. The deadline for Respondents to respond to the Petition for Writ of Habeas Corpus (ECF No. 19) is VACATED pending further order of the Court.

DATED this 8 day of October 2020.

KENT J. DAWSON
UNITED STATES DISTRICT JUDGE